IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY LEE KERN, | ) | 4:15CV3060 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JUDY PEW, DIANE SABATKA-RINE, and MIKE KENNY, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's correspondence dated June 29, 2015 (Filing No. 8), which the court liberally construes as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41. Rule 41(a) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(I). In addition, Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff asked the court to dismiss this action prior to the defendants being served with process. Therefore, the court will grant his request for dismissal of this case.

Plaintiff also requests that "all documents [he filed] be sent back to [him]." (Filing No. 8.) This court's local rules provide:

> **(f) Official Record.** The clerk does not maintain a paper court file in any case unless required by law or local rule. When a document is filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed.

>**(1) Documents Filed Nonelectronically.** The official record also includes documents filed nonelectronically under local rule.
>
>**(2) Original Documents Scanned and Discarded.** *The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format.* An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the document's return. Authorization is granted on a case-by-case basis. The court does not allow blanket authorizations for the return of all original documents filed by an attorney or office.
>
>**(3) Copies of Filings.** A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.

NECivR 5.1(f) (emphasis added).

Here, Plaintiff did not ask the court for the return of his original documents prior to submitting them to the clerk's office for filing. In addition, Plaintiff did not provide a self-addressed, stamped envelope for the return of his documents. In addition, Plaintiff did not submit payment for the cost of making copies, and Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize the commencement of a suit "without prepayment of *fees or security therefor*") (emphasis added). If Plaintiff requires copies of court documents, he should contact this court's clerk's office to determine the proper method for requesting and paying for copies.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for dismissal of this action (Filing No. 8) is granted, and this case is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this order.

DATED this 31st day of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.